## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JORDAN WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No._____ |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT FOR VIOLATIONS OF** |
| SPX FLOW, INC., MAJDI B. ABULABAN, | ) | **THE FEDERAL SECURITIES LAWS** |
| ANNE K. ALTMAN, PATRICK D. | ) | |
| CAMPBELL, ROBERT F. HULL, JR., | ) | |
| MARCUS G. MICHAEL, JONATHAN M. | ) | **JURY TRIAL DEMANDED** |
| PRATT, SONYA M. ROBERTS, SUZANNE B. | ) | |
| ROWLAND, and DAVID V. SINGER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Jordan Wilson ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE OF THE ACTION

1.      Plaintiff brings this action against SPX FLOW, Inc. ("SPX FLOW" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9.  By the action, Plaintiff seeks to enjoin the vote on a proposed transaction pursuant to which to LSF11 Redwood Acquisitions, LLC ("Buyer"), an affiliate of Lone Star Funds ("Lone Star"), will acquire the Company through Buyer's wholly owned subsidiary Redwood Star Merger Sub, Inc. ("Merger Sub") (the "Proposed Transaction").[1]

---

[1] Non-party Lone Star, founded by John Grayken, is a private equity firm advising funds that invest globally in real estate, equity, credit and other financial assets.  Non-party Merger Sub is a Delaware corporation and a wholly owned subsidiary of Buyer.

2.     On December 13, 2021, SPX FLOW announced their entry into an Agreement and Plan of Merger to be acquired by Buyer (the "Merger Agreement").  That agreement provides SPX FLOW stockholders will receive $86.50 in cash  for each share of Company common stock they own (the "Merger Consideration").

3.     On February 1, 2021, SPX FLOW filed a Definitive Proxy Statement on Schedule 14A (the "Proxy Statement") with the SEC.  The Proxy Statement, which recommends that SPX FLOW stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision.  Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4.     It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5.     For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.     The Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations in this District, or is an individual who has sufficient minimum contacts with this District so as to render the exercise of jurisdiction by this

Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9.      Plaintiff is, and has been at all times relevant hereto, a stockholder of SPX FLOW.

10.     Defendant SPX FLOW is a Delaware corporation with its principal executive offices located at 13320 Ballantyne Corporate Place, Charlotte, North Carolina 28277.  SPX FLOW's shares trade on the New York Stock Exchange under the ticker symbol "FLOW."

11.     Defendant Majdi B. Abulaban is and has been a director of the Company since 2018.

12.     Defendant Anne K. Altman is and has been a director of the Company since 2015.

13.     Defendant Patrick D. Campbell is and has been a director of the Company since 2015.

14.     Defendant Robert F. Hull, Jr. is Chairman of the Board and is and has been a director of the Company since 2015.

15.     Defendant Marcus G. Michael is President and Chief Executive Officer of the Company, and is and has been a director since 2016.

16.     Defendant Jonathan M. Pratt is and has been a director of the Company since 2020.

17.     Defendant Sonya M. Roberts is and has been a director of the Company since 2021.

18.     Defendant Suzanne B. Rowland is and has been a director of the Company since 2018.

19.     Defendant David V. Singer is and has been a director of the Company since 2015.

20.     Defendants identified in paragraphs 10-19 are referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### The Proposed Transaction

21.     On December 13, 2021, SPX FLOW announced in relevant part:

CHARLOTTE, N.C., Dec. 13, 2021 -- SPX FLOW, Inc. (NYSE: FLOW), a leading provider of process solutions for the nutrition, health and industrial markets, announced today it entered into an agreement to be acquired by an affiliate of Lone Star Funds ("Lone Star") in an all-cash transaction valued at $3.8 billion, including the assumption of debt.

The purchase price represents a premium of nearly 40% over SPX FLOW's closing stock price on July 16, 2021, the last trading day prior to the publication of an article in the July 19, 2021, edition of The Wall Street Journal stating that the Company received an unsolicited purchase offer.

"We are pleased to have reached this agreement with Lone Star, which is the result of a comprehensive review of alternatives, including a robust sale process, conducted by our Board in consultation with independent advisors," said Robert F. Hull, Jr., Chairman of the SPX FLOW Board of Directors. "As part of the process, SPX FLOW held discussions with multiple strategic and financial parties and evaluated the transaction against the Company's standalone prospects, performance and outlook. We believe this transaction is the right path forward and achieves our goal of maximizing value for SPX FLOW shareholders."

"SPX FLOW has transformed its business and made important progress executing against our strategic plans, and we believe this transaction with Lone Star is an exciting culmination of those efforts for our shareholders," said Marc Michael, SPX FLOW President and CEO. "In Lone Star, we have a partner that brings additional perspective and expertise to support the continued implementation of our strategic initiatives as we deliver reliable outcomes for customers and provide them the high-quality products and services they expect from us. This transaction is a testament to the achievements of our employees, and I would like to thank them for all they do to make SPX FLOW the premier process solutions company. We look forward to working with Lone Star to complete the transaction and delivering significant, immediate and certain value to our shareholders."

"We are excited about the opportunity to partner with SPX FLOW," said Donald Quintin, President, Lone Star Opportunity Funds. "This acquisition is consistent with Lone Star's strategy to invest in businesses with substantial runway for growth. We have great respect for SPX FLOW's talented employees and their commitment to innovation and serving customers. We look forward to working with Marc and the entire team to help advance SPX FLOW's strategy and capture the opportunities ahead."

**Transaction Details**

The transaction was unanimously approved by the SPX FLOW Board of Directors and is expected to close in H1 2022, subject to receipt of certain regulatory approvals, including expiration or termination of the applicable waiting period under the Hart-Scott-Rodino Antitrust Improvements Act, as well as SPX FLOW shareholder approval and other customary closing conditions. The transaction is not subject to a financing condition.

Upon completion of the transaction, SPX FLOW will become a privately held company and SPX FLOW's shares will no longer trade on The New York Stock Exchange.

As a condition to the transaction, SPX FLOW has agreed to suspend payment of its quarterly dividend, effective immediately.

**Advisors**

Morgan Stanley & Co. LLC is serving as exclusive financial advisor to SPX FLOW and Winston & Strawn LLP is serving as its legal advisor. Citi, RBC Capital Markets, LLC, and BofA Securities Inc. are serving as financial advisors to Lone Star, and Gibson, Dunn & Crutcher LLP and Kirkland & Ellis LLP are serving as legal advisors.

**The Proxy Statement Contains Material Misstatements or Omissions**

22.     The defendants filed a materially incomplete and misleading Proxy Statement with the SEC and disseminated it to SPX FLOW' stockholders. The Proxy Statement misrepresents or omits material information necessary for the Company's stockholders to make an informed voting or appraisal decision on the Proposed Transaction.

23.     Specifically, as set forth below, the Proxy Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning the Company's financial projections and the valuation analyses underlying the fairness opinion provided by the Company's financial advisor Morgan Stanley & Co. LLC ("Morgan Stanley").

***Material Omissions Concerning the Company's Financial Forecasts and the Financial Analyses Relied on by the Board***

24.     The Proxy Statement omits material information regarding the Company's financial projections, including the line items underlying management's forecasts for Adjusted EBITDA.

25.     The Proxy Statement fails to disclose the estimated future cash flows contained in the "Street Consensus Forecasted Financial Information," the "Public Guidance Forecasted Financial Information," the "Management Case—Adjusted" and the "Management Case—Long Range Plan,"

notwithstanding that Morgan Stanley used these projections in performing its *Discounted Cash Flow Analysis. See* Proxy Statement at 43.

26.     The Proxy Statement omits material information regarding the data and inputs underlying the valuation analyses performed by Morgan Stanley.

27.     The Proxy Statement describes Morgan Stanley's fairness opinion and the various underlying valuation analyses.  That description, however, omits key inputs and assumptions forming the bases of these analyses.  The absence of this material information precludes the Company's public stockholders from fully understanding the Morgan Stanley's work.  As a result, SPX FLOW stockholders cannot assess what significance to place on Morgan Stanley's fairness opinion in determining whether to approve the Proposed Transaction or otherwise act.

28.     With respect to the *Discounted Cash Flow Analysis* performed by Morgan Stanley, the Proxy fails to disclose: (a) the unlevered free cash flows that SPX FLOW was forecasted to generate from the fourth quarter of calendar year 2021 through calendar year 2025 on a standalone basis; (b) the terminal values; (c) the individual inputs and assumptions underlying the range of discount rates Morgan Stanley utilized in connection with the analysis; (iv) the Company's net debt as of October 31, 2019; and (v) the implied perpetuity growth rates resulting from the analysis.

29.     With respect to the *Discounted Equity Value Analysis* performed by Morgan Stanley, the Proxy fails to disclose the individual inputs and assumptions underlying the discount rate of 9.3%.

30.     With respect to the *Precedent Transactions Analysis* performed by Morgan Stanley, the Proxy fails to disclose the individual multiples and metrics for each of the transactions observed in the analysis.

31.     With respect to the *Precedent Premia Analysis* performed by Morgan Stanley, the Proxy fails to disclose each of the transactions observed in the analysis and the premium for each of the transactions observed.

32.     The omission of this material information renders the statements in the Certain SPX FLOW Unaudited Prospective Financial Information" and "Opinion of Morgan Stanley" sections of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.  Indeed, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

33.     The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Proxy Statement.  Absent disclosure of the foregoing material information prior to the stockholder vote on the Proposed Transaction, Plaintiff and the other SPX FLOW stockholders will be unable to make an informed voting or appraisal decision on the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

**CLAIMS FOR RELIEF**

**COUNT I**

**Claims Against All Defendants for Violations of Section 14(a) of the
Exchange Act and Rule 14a-9 Promulgated Thereunder**

34.     Plaintiff repeats all previous allegations as if set forth in full.

35.     During the relevant period, defendants disseminated the false and misleading Proxy Statement specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

36.     By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Proxy Statement.  The Proxy Statement was prepared, reviewed, and/or disseminated by the defendants.  It misrepresented and/or omitted material facts, including material information about the Company's financial projections and

the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by Morgan Stanley.   The defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

37.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction.

38.     By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

39.     Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm, rendering money damages inadequate.   Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

<u>**COUNT II**</u>

**Claims Against the Individual Defendants for Violations of
Section 20(a) of the Exchange Act**

40.     Plaintiff repeats all previous allegations as if set forth in full.

41.     The Individual Defendants acted as controlling persons of SPX FLOW within the meaning of Section 20(a) of the Exchange Act as alleged herein.   By virtue of their positions as officers and/or directors of SPX FLOW, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

42.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to and/or

shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

43.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.  The Proxy Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction.  They were, thus, directly involved in the making of the Proxy Statement.

44.     In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction.  The Proxy Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

45.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

46.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, SPX FLOW' stockholders will be irreparably harmed.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of SPX FLOW, and against defendants, as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in

concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to SPX FLOW stockholders;

B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

D.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  February 10, 2022

**LONG LAW, LLC**

By:   */s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@longlawde.com

*Attorneys for Plaintiff*